JOSHUA C. KELLEY *vs.* JONAS A. LARAWAY.
SAME *vs.* J. A. LARAWAY COMPANY.

Middlesex. January 13, 1916. — March 2, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Of plumber.

It is the duty of a plumber, whom the owner of a house has employed to install a hot water boiler in his basement to be supplied by a hot water coil in a heater which is a part of a hot water heating system, and to whom the owner has left entirely the plan and execution of the work, to perform the work in a workmanlike manner and with reasonable judgment, skill and care according to the approved usages of his trade.

In the present action, in which the owner of a house sought recovery from a plumber who was alleged to have failed to perform his duty as above described, it was *held* that there was evidence that the plumber had performed his work negligently, and that therefore it was proper to submit the case to a jury.

TWO ACTIONS OF TORT for damages resulting from the explosion on Feburary 22, 1914, of a hot water boiler alleged to have been installed in a negligent manner in the basement of the plaintiff's dwelling by the defendant in the second action under the personal supervision of the defendant in the first action. Writs dated March 19, 1914.

The cases were tried together before *Dana*, J. The evidence

and the defendants' exceptions are described in the opinion. The jury found for the plaintiff in each action in the sum of $2,819; and the defendants alleged exceptions.

*J. J. Feely,* (*F. Joy* with him,) for the defendants.

*R. H. Sherman,* for the plaintiff.

DE COURCY, J.    The dwelling house was heated by a hot water system, known as a Mills heater.    Originally the hot water for domestic purposes was obtained by means of an automatic gas appliance.    In August, 1913, after the plaintiff had purchased the house, he installed therein a forty-gallon copper tank or boiler, the water in which was heated by means of a coil of pipe in the fire-pot of the Mills heater, and connected with the boiler.    A relief or safety valve was attached over the set tub in the laundry.    In December a ventilator was placed on the chimney, to increase the draft.    Later the hot water from the copper boiler kept leaking out to the supply pipes and burning out the packing in the water meter; and, in accordance with the order of the town inspector, a check valve was inserted between the meter and the copper tank on February 19, 1914.    On February 22, the copper tank exploded, causing the injuries complained of. The original plumbing and all of the work above mentioned was done by the defendant J. A. Laraway Company under the personal direction of the other defendant, Jonas A. Laraway.    The two cases were tried together, and in both the cause of action, the facts and the verdict were the same.    As there can be but one satisfaction, we shall refer alike to each as the defendant.

The case was submitted to the jury on these grounds of alleged negligence on the part of the defendant: first, that the coil of pipe installed in the Mills heater was too large for heating a forty gallon tank; second, that the safety valve had an outlet of one fourth of an inch while the inlet from the boiler was three eighths of an inch, and hence was not a proper and safe device in connection with the existing system; third, that the safety valve was not properly placed, in that it was near a window in the laundry, on the north side of the house, instead of on top of or near the hot water boiler or tank.    It was further contended that the defendant was negligent in putting in the check valve, thereby shutting off one avenue of escape for the excessive steam, in view of the existing condition of the plumbing and his knowledge as to

the presence of steam and the rumblings in the pipes some days before the explosion.

There was considerable expert testimony in support of and opposed to these several contentions, and the issue was one of fact for the jury. It must be presumed that the jury did not adopt the defendant's contention, that the explosion was caused by the freezing of the pipes and safety device in the laundry due to the plaintiff's failure to keep the cellar reasonably heated; as the judge explicitly instructed them that the plaintiff could not recover in that event. The plan and execution of the work were left entirely to the defendant, and it was his duty to do it in a workmanlike manner, with reasonable judgment, skill and care, according to the approved usages of his trade. On the evidence it was for the jury to determine whether he negligently failed to perform that duty, and whether such failure was the proximate cause of the explosion. It could be found that in the natural course of events he ought to have foreseen that the freezing of the safety valve supplied by him and placed where it was, was likely to happen. See *Black* v. *New York, New Haven, & Hartford Railroad,* 193 Mass. 448; *Horan* v. *Watertown,* 217 Mass. 185, 186.

The defendant saved numerous exceptions to the admission of testimony and to the failure of the judge to give the twenty rulings requested by him; but he has not supported any of them by argument or authority. On examination we discover no error in either respect. The charge, to which no exception was taken, fully covered the legal rights of the defendant.

*Exceptions overruled.*