COMMONWEALTH *vs.* ERNEST Z. SKALBERG
(and two companion cases against the same defendant).

Middlesex.    November 7, 1955. — November 29, 1955.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Practice, Criminal,* Sentence; Exceptions:    failure to save exception; Assignment of error.

No error appeared in sentences to State prison for three concurrent terms of not less than ten nor more than twelve years upon pleas of guilty to three indictments charging offences for two of which the statutory penalty was such imprisonment for life or any term of years and for the third of which it was such imprisonment for life or any term of not less than ten years.

An appeal to this court under G. L. (Ter. Ed.) c. 278, § 33B, as appearing in St. 1954, c. 187, § 1, following a plea of guilty and sentence in a criminal case presented no question of law where the defendant had taken no exception of any kind.

THREE INDICTMENTS, found and returned on May 3, 1955.

Sentences were imposed in the Superior Court by *Fair-hurst,* J.

*Ernest Z. Skalberg,* pro se, submitted a brief.

*John P. Forte,* Assistant District Attorney, for the Commonwealth.

WILKINS, J.    The defendant originally pleaded not guilty to three indictments.    One (No. 47282) charged robbery of a wallet from the person of Ronald Rader.    G. L. (Ter. Ed.) c. 265, § 19.    The second (No. 47283) alleged that the defendant entered the dwelling house of George A. Rader in the nighttime with intent to commit larceny, and that, after so entering with such intent, he assaulted Ronald Rader and Donna Craddock.    G. L. (Ter. Ed.) c. 266, § 14. The third (No. 47284) alleged that the defendant, with intent to commit larceny, confined and put in fear Ronald Rader and Donna Craddock for the purpose of stealing in the dwelling house of George A. Rader.    G. L. (Ter. Ed.)

c. 265, § 21.  The defendant, while represented by counsel, retracted his pleas and pleaded guilty to the three indictments.  He was sentenced to the State prison for three concurrent terms not exceeding twelve years or less than ten years, and was notified in open court of his right to appeal to the appellate division of the Superior Court for a review of the sentences under G. L. (Ter. Ed.) c. 278, §§ 28A–28D, inserted by St. 1943, c. 558, § 1, as amended.  He did not so appeal.  He did, however, file these appeals under G. L. (Ter. Ed.) c. 278, § 33B, as appearing in St. 1954, c. 187, § 1.  The punishment for the offence charged in the second indictment (No. 47283) is "imprisonment in the state prison for life or for any term of not less than ten years." The punishment for the other two offences is "imprisonment in the state prison for life or for any term of years." As the defendant could not be sentenced for a term of less than ten years on the second indictment, there could be shown no error in the sentence.  The defendant's plea of guilty admitted all facts well charged in the indictment. *Commonwealth* v. *Mahoney,* 115 Mass. 151.  *Commonwealth* v. *Crapo,* 212 Mass. 209.  *Morrissey* v. *Powell,* 304 Mass. 268, 270.  Further, he made no objection and took no exception of any kind.  Accordingly, no question of law is presented for our consideration.  If the defendant has any complaint, he cannot raise a question of law for the first time in a brief filed in this court.

*Judgments affirmed.*