*Southern District*

## JOHN A. BRADY, ET AL

v.

## LAWRENCE F. NOONAN, d-b-a
## NOONAN BROTHERS OIL COMPANY

(September 7, 1959)

*Present:* Nash, P. J., Welch and Callan, JJ.

Case tried to *Kupka, J.,* in the District Court of Brockton. No. 17431.

*Welch, J.* This is an action of tort in which the plaintiffs, owners of a house in Brockton, allege that the defendant, his agent or servant, negligently repaired an oil burner; that as a result of the defendant's negligence a film of oil, soot and smudge emanated from the various heating outlets and damaged the plaintiffs' dwelling and its contents. The defendant's answer was a general denial, a plea of contributory negligence and a denial that the individual who caused the damage was

one for whose conduct the defendant was responsible.

The plaintiffs' evidence was that on Jan. 2, 1957 they asked the defendant to make a service call and informed him that the heating system was not producing heat in certain rooms of their house. An employee of the defendant, a licensed oil burner serviceman, went to the plaintiffs' home and replaced a valve in one of the radiators. Later that day the plaintiffs complained that they were still not receiving adequate heat, and the serviceman returned to the premises. On this occasion, for the first time, he went to the basement and examined the oil burner unit. He found the nozzle to be partially clogged and replaced it with a new one. The nozzle is a device which actually sprays the oil into the fire chamber of the burner. He watched the operations of the motor and observed the quality of the flame. He then went upstairs and gave Mrs. Brady the old nozzle and told her that she should have a bigger fire and left the premises. About 15 minutes later Mrs. Brady went to the cellar to do some ironing and she noticed a strong odor and her eyes were affected by fumes and she opened the bulkhead door of the cellar. During the afternoon and evening there was an odor of oil and an unusual rumbling noise whenever the heater started. On the next morning the plaintiffs observed an odor of oil and found oily smudge and soot in every room of their house, on the walls, ceilings and on the furniture. The defendant was notified and the

repairman returned to the premises. He testified that he made no adjustments because he found it to be in good working order and the quality of the flame to be satisfactory. Mrs. Brady testified that she saw Adams with the door off the furnace and his hand inside when she went to see what he was doing. An expert witness testified that if the air control was improperly adjusted it would make a dirty fire, and if properly adjusted, a new nozzle would make a clean fire. The plaintiffs further testified that the rumbling noises were not apparent to them after the visit of the repairman on Jan. 3. No other repairs have been made and the nozzle installed by the repairman is still in operation and the heater has been in good working order since that time. There is no contention that the plaintiffs tampered with or in any way interfered with the operation of the heater during the period in question.

The court filed the following memorandum:

"I find that the defendants' servant or agent was negligent." He found for the plaintiffs and assessed damages in the sum of $695. At the conclusion of the evidence the defendant duly filed the following requests for rulings:

1. The defendant, his agents or servants performed repairs requested by the plaintiffs in a proper and workmanlike manner.

2. There was no duty on the part of the defendant, his agents or servants to inspect the entire heating system on the premises controlled by the plaintiffs.

3. In the absence of any duty on the part of the defendant,

his agents or servants to ascertain whether the entire heating system on premises controlled by the plaintiffs was functioning properly it cannot be found that the defendant's conduct was negligent.

The court denied No. 1, allowed No. 2 and allowed No. 3 as correct statements of law.

There was no error.

In *Kelley v. Laraway,* 223 Mass. 182 recovery was allowed against a plumber for negligence in installing a hot water boiler in a home. At page 184 the Court said "the plan and execution of the work were left entirely to the defendant, and it was his duty to do it in a workmanlike manner, with reasonable judgment, skill and care, according to the approved usages of his trade. On the evidence it was for the jury to determine whether he negligently failed to perform that duty, and whether such failure was the proximate cause of the explosion. It could be found that in the natural course of events he ought to have foreseen that the freezing of the safety valve supplied by him and placed where it was, was likely to happen."

In the case at bar the plan and execution of the work were left entirely to the defendant's serviceman. He examined the oil burner, found the nozzle to be partially clogged, replaced it with a new one, and left the premises. Fifteen minutes later Mrs. Brady went to the cellar and noticed a strong odor. An expert witness testified that if the air control was improperly adjusted it would make a dirty fire, and if properly adjusted a new nozzle

would make a clean fire. The trial judge had the right to accept this testimony and find that the defendant was negligent.

The case of *Corrao v. Sears, Roebuck & Co.*, 298 Mass. 23 is also in point. At page 26 the Court said "On all the evidence we think it was possible for the jury to infer that the roaring, the smoking, the odor and the explosion all resulted from an excess of oil flowing from the burners, that this in turn was due to a failure of proper adjustment in the installation of the various parts of the apparatus, that the trouble existed and could have been observed before the defendant's man left the job, and that it was negligent installation to leave the completed work in that condition."

"The only question for us to determine is whether upon the evidence together with all rational inferences which might be drawn therefrom the findings of the trial judge may be sustained, and his decision is not to be reversed unless as a matter of law it cannot be supported upon any reasonable view of the evidence." *Casey v. Gallagher,* 326 Mass. 746 at 748-9.

We perceive no prejudicial error and order the report dismissed. *So ordered.*

*Harry J. O'Sullivan* of Brockton, for the Plaintiff, cited the following cases: *Beaulieu v. Lincoln Rides, Inc.,* 328 Mass. 427 (Failure of apparatus to work properly just after being repaired was ev. of neg.); *Couris v. Casco Amusement Corp.,* 333 Mass. 740 (Inference warranted that improper functioning of heater would not have occurred without defendant's

negligence); *Esso Standard Oil Co. v. Stewart,* 190 Va. 949 (Facts similar to instant case).

*Albert C. Doyle* of Brockton, for the Defendant.