COMMONWEALTH *vs.* LOUIS BALDASSINI.

Norfolk.   March 2, 1970. — June 15, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Pleading, Criminal*, Indictment or complaint. *Constitutional Law*, Indictment or complaint. *Arrest. Evidence*, Other offence, Relevancy and materiality, Scheme, General objection to admission of evidence.

A "John Doe" complaint is constitutional. [674–675]

An arrest warrant describing the person to be arrested as "John Doe, also known as 'Baldi' and Baldassini a white male, between 50 and 55 yrs. of age, 5' 8", 170–180 pounds, and dark hair, of . . . Quincy," was not "void and illegal" as insufficiently describing the person to be arrested. [674–675]

It must be presumed that probable cause for issuance of a warrant for the arrest of the defendant in a criminal case was duly established where the defendant's bill of exceptions did not contain the facts respecting probable cause. [675]

An arrest warrant was not invalid under any constitutional or statutory provisions in that the complaint on which it was issued did not itself recite the facts constituting probable cause for the issuance. [675–676]

At the joint trial of an indictment under G. L. c. 271, § 7, for setting up of a lottery, and an indictment under § 17 for being found with apparatus for registering bets on a horse race, where it appeared that when the defendant was arrested on the date of the offences at his place of employment he had with him currency, slips of paper with writings or writings and numerals and a pad of paper and some carbon paper, evidence that about forty days earlier the defendant on three occasions had engaged in illegal betting acts at his place of employment was admissible at least as to the lottery indictment, and the defendant's general objections thereto were properly overruled, and his general motions to strike such evidence were properly denied. [677–679]

The admissibility at the trial of an indictment of evidence of illegal acts of the defendant on occasions prior to commission of the crime charged in the indictment was not affected by the fact that he might have acquired a constitutional guaranty barring prosecution for the prior acts. [679]

Two INDICTMENTS found and returned in the Superior Court on June 9, 1967.

A motion to suppress was heard by *Snow, J.,* a District Court judge sitting under statutory authority, and the cases were heard by him without jury.

*Matthew T. Connolly* for the defendant.

*Anthony T. Petrocca,* Assistant District Attorney, for the Commonwealth, submitted a brief.

QUIRICO, J. The defendant was convicted on indictment No. 42,581 charging that on or about March 13, 1967, at Quincy, he "was concerned in the setting up of a lottery for money or other property of value," and indictment No. 42,582 charging that on or about March 13, 1967, he "was found in a building known as Steel Mill of General Dynamics Corporation, in said Quincy, with apparatus for registering bets upon the result of a trial of speed of certain beasts, to wit, horses." G. L. c. 271, §§ 7 and 17. The indictments were tried together. The case is now before us

on the defendant's exceptions to the denial of a motion to suppress certain evidence and to the admission of evidence on events of January 30 and 31 and February 2, 1967.

The pleadings and evidence material to the issues before us are stated in the bill of exceptions as follows: From January to March, 1967, State police officers Peter A. Latsey and Francis G. Lounsbury were working on a special assignment to investigate illegal gaming within the Commonwealth. They obtained employment at the General Dynamics shipyard at Quincy. Dressed in working clothes and working shifts as did all other employees at the plant, they engaged in undercover activity. On January 30, 1967, Officer Lounsbury asked the defendant, an employee at the plant, if he would take a bet on some horses in a "daily double" and on number "451 six ways." The defendant assented and accepted from the officer the sum of $1 for the horse bet and $1.50 for the number bet. He wrote the number and the "daily double" bet on a pad which he took from his breast pocket. On January 31, and February 2, 1967, Officer Lounsbury again placed two similar bets with the defendant in the building known as the Steel Mill of the General Dynamics Shipyard. The January 31 bet was made by giving the defendant a piece of paper on which Officer Latsey had written the names of two horses. Officer Latsey witnessed the transactions on both occasions.

On March 10, 1967, the two officers went to the District Court of East Norfolk at Quincy where Officer Lounsbury signed a complaint charging the defendant with "being found in a building known as Steel Mill of General Dynamics Corporation, with apparatus for registering bets upon the result of a trial of speed of certain beasts, to wit: horses, on the second day of February, 1967." The bill of exceptions contains no other language of the complaint or any evidence of the procedures leading to its issuance. The court then issued a warrant for the arrest "of John Doe, also known as 'Baldi' and Baldassini a white male, between 50 and 55 yrs. of age, 5' 8", 170–180 pounds, and dark hair, of said Quincy in said County of Norfolk, if he be found within your pre-

cinct, to answer to the Commonwealth, on complaint of Francis G. Lounsbury of Boston, this day made on 'oath, before said Court for . . . [a crime described in the 'same language as that quoted above from the complaint of March 10, 1967]." The officers executed this warrant by arresting the defendant, Louis Baldassini, on March 13, 1967, at the General Dynamics Corporation plant.

Upon his arrest, the defendant was searched. Currency in the sum of $460.60, six slips of paper with writings or writings and numerals thereon, and a pad of paper approximately three inches by six inches in size with several sheets of carbon paper, were taken from him. These items are the subject of the motion to suppress, and except for the currency they will be referred to collectively as the "gaming apparatus." G. L. c. 271, § 17. *Commonwealth* v. *Demogenes,* 349 Mass. 585, 587–588. After finding this gaming apparatus, the officers returned to the District Court in Quincy where they made two additional complaints against him for the offences charged in the indictments which are before us. The indictments were returned by the grand jury on June 9, 1967. On June 21, 1967, the complaints were dismissed in the District Court without the defendant being present. We assume that this dismissal covered the complaint of March 10, 1967, as well as the two complaints of March 13, 1967.

On June 19, 1967, the defendant seasonably filed a motion in the Superior Court alleging that the warrant for his arrest issued by the District Court on March 10, 1967, was "void and illegal" and asking that all items taken from his person at the time of his arrest pursuant to that warrant be suppressed. In an affidavit filed with the motion, the defendant quoted the part of the warrant which describes the person to be arrested and then added that "said warrant did not indicate clearly on whom it was to be served by stating his occupation, the place of his residence, personal peculiarities by which he could be identified, and was defective and void on its face," and that "the officer serving the warrant in legal effect acted without a warrant and was

a trespasser." No other ground or basis is stated for the motion to suppress.

The alleged insufficiency of the warrant's description of the person to be arrested has not been argued by the defendant in his brief or orally before this court, although it was the sole ground of the motion to suppress filed on June 19, 1967. Instead the defendant's brief argues that the "warrant is invalid since it was not based upon probable cause" and that "[t]herefore the arrest was illegal and the items taken pursuant to the arrest should have been suppressed." The defendant has given no explanation in his brief or oral argument for this difference between the ground for the motion to suppress filed on June 19, 1967, and quoted in the bill of exceptions, and this other ground now urged before this court. We might avoid passing on either contention by holding (a) that the ground stated in the record has been waived by the failure of the defendant to argue it in his brief, see S. J. C. Rule 1:13, 351 Mass. 738, and (b) that the ground argued by the defendant in his brief is not open to him because he cannot raise a question of law for the first time in a brief filed in this court. *Commonwealth* v. *Skalberg,* 333 Mass. 255, 256. However, we prefer to comment on both grounds briefly.

1. We assume for the purpose of this discussion that the complaint of March 10, 1967, and the warrant issued pursuant thereto employ the same language in describing the defendant and the person to be arrested as "John Doe, also known as 'Baldi' and Baldassini a white male, between 50 and 55 yrs. of age, 5' 8", 170–180 pounds, and dark hair, of said Quincy." Such a description complies with the requirements of G. L. c. 277, § 19, which provides in part: "If the name of an accused person is unknown to the grand jury, he may be described by a fictitious name or by any other practicable description, with an allegation that his real name is unknown." In *Commonwealth* v. *Gedzium,* 259 Mass. 453, 456–462, this statute permitting "John Doe" indictments was held constitutional. Since c. 277, § 79, makes § 19 applicable to complaints, we are of opinion that a "John

Doe" complaint is likewise constitutional. And here the descriptions of the accused in the complaint and the warrant are considerably more detailed than that minimum permitted by the statutes. See *Commonwealth* v. *Capland*, 254 Mass. 556, and *Commonwealth* v. *Doherty*, 353 Mass. 197, 205–207.

2. The argument that the arrest warrant for the offence of February 2, 1967, was invalid because "not based upon probable cause" depends on facts which the defendant did not incorporate in his bill of exceptions. On the record before us, we refuse to conclude that the complaint was issued without the establishment of probable cause supported by oath or affirmation as required by art. 14 of the Declaration of Rights of the Massachusetts Constitution and by G. L. c. 276, § 22.[1] The presumption of regularity must prevail over a deficient or incomplete record for whose preparation the defendant is responsible. In support of his argument that an arrest warrant must be based on "probable cause" the defendant relies principally on the opinion in *Giordenello* v. *United States*, 357 U. S. 480. That opinion holds first at 485–486 that "[t]he language of the Fourth Amendment [to the Constitution of the United States], that ' . . . no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized . . . ,' of course applies to arrest as well as to search warrants." This requirement is no different from that of art. 14 of the Declaration of Rights. The opinion then holds that for an arrest warrant issued on a complaint to be valid, the *complaint* [2] must

---

[1] "[U]pon complaint made to . . . [any justice of the Supreme Judicial, Superior or District Courts] that a crime has been committed, he shall examine on oath the complainant and any witnesses produced by him, reduce the complaint to writing, and cause it to be subscribed by the complainant, and, if it appears that a crime has been committed, shall, except as otherwise provided, issue a warrant, reciting the substance of the accusation and requiring the officer to whom it is directed forthwith to arrest the accused and to take him before a court of the county to be dealt with according to law, and to summon such witnesses as shall be therein named to appear and give evidence on the examination or trial."

[2] It should be noted that nothing stated herein is intended to apply to the documentation of facts constituting probable cause for arrest warrants issued pursuant to indictments which follow a determination of probable cause by a grand jury.

show that "there is probable cause to believe that an offense has been committed and that the defendant has committed it." The defendant argues that this requirement applies to the complaint in this case. We do not agree. The holding of the *Giordenello* case that the complaint must itself show probable cause was based on express provisions of Rules 3 and 4 of the Federal Rules of Criminal Procedure for the District Courts of the United States.[3] Those rules do not regulate the form or content of criminal complaints in this Commonwealth. While both the United States and Massachusetts Constitutions require that arrest warrants be founded upon probable cause supported by oath or affirmation, neither Constitution requires that the facts constituting probable cause be recited in or be made a part of the complaint on which the warrant is issued. Massachusetts has provided by statute (G. L. c. 276, § 22, quoted above) how arrest warrants may be issued, and it has not required that the facts constituting probable cause be recited in the complaint or in any affidavit or other document. The complaints on which the warrants are based may be issued on the basis of oral testimony under oath. Moreover, the prescribed statutory forms of complaints and indictments listed in G. L. c. 277, § 79, do not require any recital of facts constituting probable cause. In contrast to these provisions, Massachusetts has expressly required by legislation (G. L. c. 276, § 2B, as amended by St. 1965, c. 384; G. L. c. 276, § 2C, as amended by St. 1967, c. 802, § 4) that the facts constituting probable cause for the issuance of search war-

---

[3] The pertinent parts of these rules in effect at the time of that decision read as follows:

3. "The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States."

4. "(a) . . . If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it."

Since then, Rule 4 (a) has been amended to permit arrest warrants to be based on affidavits as well as complaints. 383 U. S. 1095.

rants be in the form of an affidavit signed and sworn to by the applicant for the warrant. To the same effect see Rule 41 (c) of the Federal Rules of Criminal Procedure (1946), 327 U. S. 863. The defendant in effect argues that these requirements for recording and documenting the facts constituting probable cause for the issuance of a *search* warrant be now applied to all complaints which may result in the issuance of an *arrest* warrant. As we have indicated, neither the *Giordenello* decision, nor any decision or law of this Commonwealth supports such a contention. Such a requirement would place an impossible burden upon law enforcement officers and upon those responsible for the administration of our criminal laws.[4] In view of the precise and adequate constitutional and statutory provisions on this subject in this Commonwealth, we decline to contribute to the further proliferation of opportunities for pretrial excursions and diversions from the merits of criminal charges.

We turn now to the defendant's remaining exceptions relating to the admission of evidence at the trial on the indictments alleging crimes on March 13, 1967. Over the general objections and exceptions of the defendant, the trial judge permitted officers Latsey and Lounsbury to testify to the events of January 30, January 31, and February 2, 1967, described earlier in this opinion. The defendant also made general motions to strike this testimony, and excepted to the denial of such motions.

The defendant contends that such testimony was inadmissible under the well established rule that evidence of independent past crimes unconnected with the crimes for

---

[4] The following statistics on criminal cases (not including parking tickets terminated by "non-criminal disposition" under G. L. c. 90, § 20A) begun in the District Courts of this Commonwealth and in the Municipal Court of the City of Boston for each of the years ending June 30, 1964, through June 30, 1968, illustrate the magnitude of this problem:

|  | 1964 | 1965 | 1966 | 1967 | 1968 |
|---|---|---|---|---|---|
| District Courts | 336,558 | 381,038 | 429,651 | 480,383 | 514,840 |
| Municipal Court | 70,356 | 82,032 | 124,602 | 214,959 | 196,498 |
| Total for Year | 406,914 | 463,070 | 554,253 | 695,342 | 711,338 |

(Source: Annual Reports by Executive Secretary to Supreme Judicial Court).

which the defendant is on trial may not be used to show his commission of the crimes presently charged. *Commonwealth* v. *Stone*, 321 Mass. 471, 473, and cases cited. *Commonwealth* v. *Cutler*, 356 Mass. 245, 248–249. We disagree. In our opinion the testimony was admissible under an exception to the general rule as applied in *Commonwealth* v. *Butynski*, 339 Mass. 151, 152. Annotation, 64 A. L. R. 2d 823. McCormick on Evidence, § 157. There Butynski was on trial on a complaint for "being concerned on January 7, 1957, with setting up and promoting a lottery for money." In upholding the introduction of evidence of the defendant's participation in the lotteries in a tavern on December 29, 1956, and January 7, 1957, we said: "The evidence of the events on December 29 tended 'to show that the defendant . . . had entered into a general scheme' to conduct a lottery in the tavern 'substantially by the same means, as appears in the present case,' with respect to the events of January 7. The evidence 'is admissible to show the intent and purpose with which . . . [the defendant] acted and that the acts charged were part of a . . . scheme.' *Commonwealth* v. *Corcoran*, 252 Mass. 465, 478. . . . The consistency of the defendant's conduct on two occasions (the earlier within a few days of the later) tended to show (a) relevant background, (b) that the payment [of winnings] on January 7 was intentional, not accidental, and (c) that it was a part of a general purpose and course of operations having an intent and character violative of [G. L. c. 271,] § 7. . . . This was not an instance of introduction of inadmissible evidence of a prior offence to prove the actual commission of, or tendency to commit, the offence charged."

In this case are present the same elements of relevant background, intentional conduct, and general purpose and course of operations apparent from the defendant's conduct on the date of the crimes alleged and the earlier dates involved in the disputed testimony. The earlier acts of the defendant at his place of employment tend to prove that the items found on him at the time of his arrest at the same place were in fact gaming apparatus and not just notes con-

taining innocent and meaningless words and figures. The lapse of about forty days in this case instead of the ten days in the *Butynski* case does not make the testimony of the defendant's earlier actions any less relevant or probative on the issues involved. The question of remoteness is a matter largely within the sound discretion of the trial judge, and there is nothing to indicate an abuse of discretion in this regard. 64 A. L. R. 2d, at 844. Since the disputed testimony was admissible at least as to indictment No. 42,581, if not as to both, the defendant's general objections thereto were properly overruled, and his general motions to strike the testimony were properly denied. *Commonwealth* v. *Connolly*, 308 Mass. 481, 492–493. *Commonwealth* v. *David*, 335 Mass. 686, 692.

The defendant seems to argue further that the admission of evidence concerning the events of February 2, 1967, was in effect subjecting him to double jeopardy since the complaint charging him with an offence on that date had been dismissed by the District Court in his absence and at the time of the trial, such time had elapsed that he could not have been charged with those acts. Even if, as the defendant contends, he had acquired a constitutional guaranty barring further prosecution on that charge, an assertion upon which we voice no opinion, that right does not affect the admissibility of evidence of the defendant's acts of February 2, 1967, as bearing on his guilt under indictment No. 42,581.

The defendant moved to strike out the testimony of Officer Lounsbury on the ground of entrapment. The motion was denied, and he excepted thereto. However, he did not argue this point in his brief, and it is therefore treated as waived.

*Exceptions overruled.*