COMMONWEALTH *vs.* BRUCE GENEST.

Dukes County.    December 7, 1976. — February 7, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Search and Seizure.    Probable Cause.*

Unverified information supplied by two informants contained in an affidavit in support of an application for a search warrant was sufficiently corroborated by independent allegations in the affidavit to establish probable cause for the warrant. [836-838]

INDICTMENT found and returned in the Superior Court on August 11, 1975.

A pre-trial motion to suppress was heard by *Chmielinski,* J., and the case was tried before him.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Walter R. May, Jr.,* for the defendant.

*W. James O'Neill,* Assistant District Attorney (*Charles Marano,* Assistant District Attorney, with him) for the Commonwealth.

BRAUCHER, J. The defendant was convicted for the unlawful manufacture of amphetamines, and he appeals under G. L. c. 278, §§ 33A-33G. The judge denied his motion to suppress the fruits of a search under a warrant on the ground that he lacked standing to press the motion. We assume, without deciding, that he had standing, but we affirm the conviction on the ground that he did not sustain his burden of showing that the warrant was invalid. Cf. *Commonwealth* v. *Corradino,* 368 Mass. 411, 416 (1975). We hold that his claim of police fraud in the affidavit in support of the warrant is not properly presented on the record.

The indictment charges that on or about August 8, 1975, the defendant did knowingly or intentionally manufacture, distribute, dispense or possess with intent to manufacture, distribute or dispense a class B controlled substance, amphetamine. At a pre-trial hearing on a motion to suppress evidence the prosecutor represented that he would move for trial for manufacturing, not possession. At the hearing the prosecutor offered to stipulate that the defendant was the lessee of the property where the warrant was executed. Counsel for the defendant said he could not so stipulate, but that he would show that the defendant was a visitor there. There was evidence that the defendant was on the premises at the time of the search and was arrested. The judge ruled that the defendant had no standing to ask for suppression of the evidence.

Thereafter the defendant was convicted, and he appealed. We brought the case here on our own motion.

1. *Standing.* In *Commonwealth* v. *Corradino,* 368 Mass. 411, 415 (1975), we said that a defendant moving to suppress evidence seized under a search warrant has the burden of showing "standing" by "demonstrating a possessory interest in the premises searched or the property seized, see *Brown* v. *United States,* 411 U.S. 223, 229 (1973), a reasonable expectation of freedom from governmental intrusion, see *Katz* v. *United States,* 389 U.S. 347, 351 (1967); *Mancusi* v. *DeForte,* 392 U.S. 364, 368-369 (1968), or 'presence' at the scene at the time of search. See *Jones* v. *United States,* 362 U.S. 257, 267 (1960)." Cf. *Commonwealth* v. *Dirring,* 354 Mass. 523, 531-532 (1968). The Commonwealth argues that a possessory interest is sufficient only where possession is an element of the crime, and that possession is not necessary to a charge of manufacturing a controlled substance. It also argues that "presence" is not enough to confer standing in absence of additional factors, citing *Brown* v. *United States,* 411 U.S. 223, 228-229 (1973), and *Simmons* v. *United States,* 390 U.S. 377 (1968).

In the *Simmons* case, the Supreme Court held that a prosecutor may not use against a defendant at trial any testimony given by that defendant at a pre-trial suppression hearing to establish standing to move to suppress evidence. In the *Brown* case, that Court suggested that the "automatic" standing rule of the *Jones* case might not be warranted, even if possession were an element of the offense, after the *Simmons* decision removed the danger of coerced self-incrimination. In the *Brown* case, however, the defendants were not on the premises at the time of the search, and the Supreme Court did not decide the question whether "presence" still supplies standing.

As in the *Corradino* case, 368 Mass. at 416, we need not decide this question, since we think the warrant was valid.

2. *Validity of the warrant.* The affidavit in support of the application for the warrant, dated August 8, 1975, the date of the search, was made by a State police officer, and

it relied on information supplied by two confidential informants. The information was sufficiently detailed, if it was accurate, to support an inference that it was based on personal observation. But neither the informants, nor their information, standing alone, was shown by the affidavit to be reliable. We therefore consider other independent allegations contained in the affidavit which corroborate their tips. *Commonwealth* v. *Vynorius*, 369 Mass. 17, 20 (1975), and cases cited.

The affidavit discloses the information received from the informants. One informant gave detailed descriptions of the defendant and two associates and said they had recently completed manufacture of about twelve pounds of a controlled substance, "methedrine or denzadrine." He described and located the house where the manufacture took place, gave the name of a person who rented the premises on August 2, 1975, and told of the arrival of the defendant and his two associates on August 4 in a described van bearing a stated number registered to the defendant. They were expected to leave on the evening of August 8, and the van would contain described laboratory apparatus and twelve pounds of the controlled substance. The defendant's brother was the supplier of chemicals and had in his possession five gallons of P2P; he had recently traded one described vehicle for another. On completion of manufacture windows are opened and a fan is put to use. The second informant on June 27, 1975, said that the defendant was a chemist capable of manufacturing methamphetamines, had manufactured them in April, 1975, and had a quantity of chemicals and laboratory equipment in a shed behind his house in Newbury, Massachusetts.

The affidavit further discloses that named police officers and special agents observed the van in question at the premises on August 8, and one agent saw the defendant leave it and enter the house. Another agent had made a controlled delivery of five gallons of P2P in care of the defendant's brother on June 11, 1975, and had verified the brother's vehicle trade, made around July 11. An agent

and three officers observed the opening of the windows and the use of the fan between 9 A.M. and 4 P.M. on August 8.

We think the affidavit discloses that the officers went far enough in verifying the information supplied by the first informant to establish that a great deal of it was accurate. The information supplied by the second informant, though unverified, also tended to corroborate that supplied by the first. It was then permissible to infer that the first informant's information was based on personal observation and that he was credible and his tip reliable. There is no doubt that his information, if reliable, established probable cause.

3. *Police fraud.* The defendant's affidavit in support of the motion to suppress contains an allegation, on "information and belief," that "the alleged informant does not exist!," and that the police contrived the tip as a pretext to invade private premises. On this basis, not referred to in the motion or at the hearing, he argues that he was entitled to the evidentiary hearing on the truth of the affidavit in support of the application for the warrant. We do not pass on the effect of a false police affidavit. See *United States* v. *Belculfine,* 508 F.2d 58, 60-63 (1st Cir. 1974), and cases cited. We do not regard the defendant's conclusory hearsay allegation, without any indication of supporting proof, as sufficient to raise the issue. Rules 9 and 61 of the Superior Court (1974). See *Commonwealth* v. *Baldassini,* 357 Mass. 670, 674 (1970).

*Judgment affirmed.*