COMMONWEALTH *vs.* THOMAS WILLIAMS. April 4, 1977. 1. As the defendant's counsel conceded at argument, the disposition of the first assignment of error is governed by the rulings made in *Commonwealth* v. *Genest,* 371 Mass. 834, 836-838 (1977). Compare *Commonwealth* v. *Klagge, ante,* 798 (1977). 2. The evidence at the close of the Commonwealth's case (see *Commonwealth* v. *Kelley,* 370 Mass. 147, 149-151 [1976]) was sufficient to warrant a finding that the defendant had knowingly or intentionally manufactured a Class B controlled substance contrary to G. L. c. 94C, §§ 30 and 32. There was evidence from which the jury could have found that six days prior to the police raid the defendant had viewed the house in question and paid one of the owners the first of four weeks' rent for the use of the house; that that owner, acting at the defendant's request, had made a rent receipt out in the name of one Metcalfe; that three days prior to the raid the codefendant Genest (who was subsequently arrested with the defendant in the course of the raid) had posed as Metcalfe when he paid that owner the second week's rent and told her that "they wanted their privacy"; that two of the raiding officers, immediately prior to the execution of the search warrant, had looked through a front window of the house and observed the defendant stirring (and sniffing, according to one of the officers) a reddish brown liquid in a beaker which was sitting on a lighted burner of the kitchen stove; that when the officers entered the house, the defendant and both codefendants "began to run in different directions"; that the beaker contained what was subsequently analyzed as amphetamine that had not yet been purified; that written directions, the chemicals and the paraphernalia necessary to the manufacture of amphetamine were found in the kitchen and the adjoining rooms of the house during the course of a search which followed the entry and arrests; and that the entire house smelled of a cross between dead fish and dry cleaning fluid, an odor characteristic of amphetamine in its liquid state. 3. We perceive no abuse of discretion in the judge's denial of the defendant's alternative motion, presented on the morning of the third day of the trial and after the close of all the evidence, for (a) a jury view of the house in question (see *Commonwealth* v. *Crespo,* 3 Mass. App. Ct. 497, 501 [1975]) or (b) leave to recall the other owner of the house to give further testimony (see *Commonwealth* v. *Agiasottelis,* 336 Mass. 12, 15 [1957]) on the question whether the beaker on the stove was visible through the right front window of the house. The prosecutor had taken the initiative, during his cross examination of the same owner, in clarifying any uncertainty as to whether the stove could be seen through either of the front windows; the court had not restricted the

defendant's redirect examination of that owner on this or any other question; and one of the raiding officers had been recalled on rebuttal and had acknowledged, and been cross examined extensively concerning, a mistake in his earlier testimony on the same subject. While it might have been desirable to afford the defendant an opportunity for further interrogation of the owner, we cannot say that the refusal to do so requires reversal. 4. For all that appears, the judge's omission to instruct the jury that their verdicts must be unanimous (*Commonwealth* v. *Sullivan,* 354 Mass. 598, 616 [1968], cert. den. 393 U. S. 1056 [1969]; *Brunson* v. *Commonwealth,* 369 Mass. 106, 120 [1975] was inadvertent. The judge gave all the further clarifying instructions requested by the defendant; no objection was voiced or exception taken to any part of the charge or to the omission. The foreman of the jury affirmed the unanimity of the verdict in the traditional manner; there was no request to poll the jury. We are not persuaded that a " 'substantial risk of a miscarriage of justice' (*Commonwealth* v. *Freeman,* 352 Mass. 556, 564 [1967]) will result from our following the usual rule of refusing to pass on exceptions not taken." *Commonwealth* v. *Lewis,* 4 Mass. App. Ct. 844 (1976). Contrast *Commonwealth* v. *Corcione,* 364 Mass. 611, 618 (1974).

*Judgment affirmed.*

*Susan Baronoff* for the defendant.

*W. James O'Neill,* Assistant District Attorney (*Charles A. Morano* with him) for the Commonwealth.

