COMMONWEALTH *vs.* TYRONE PETERSON. February 9, 1979. 1. After the rape complainant had given her testimony and been excused, the prosecution put in evidence a hospital report which stated, in part, that a physical examination conducted two hours after the alleged rapes disclosed the presence of a "few non-motile sperm" in her vagina. The defendant then moved to have the complainant recalled to the stand for the stated purpose of putting questions to her concerning other sexual activity which might explain the presence of the sperm. The denial of that motion is assigned as error. The defendant gave an

alibi, but the defense at no time conceded that the alleged rapes had actually occurred, and that remained a part of the Commonwealth's burden of proof. In these circumstances, in the opinion of the majority of the panel, the general rule barring inquiry into specific prior acts of intercourse (*Commonwealth* v. *McKay*, 363 Mass. 220, 226-227 [1973]; *Commonwealth* v. *Gouveia*, 371 Mass. 566, 569 [1976]) did not apply, and the proposed line of inquiry was proper for the reason stated in *Commonwealth* v. *Duff*, 245 Mass. 81, 83 (1923). Compare the second sentence of G. L. c.233, § 21B, inserted by St. 1977, c. 110, which took effect after the trial in this case. It appears from the transcript, however, that the defendant, as one would expect in a rape case, had a copy of the hospital report earlier, and could, therefore, have anticipated the need to recall the complainant before she was excused. The defendant's failure to have saved his rights at that time put the case, in the opinion of a majority of the panel, within the general rule that the recall of a witness is ordinarily a matter subject to the discretion of the trial judge. See *Commonwealth* v. *Hicks*, 375 Mass. 274, 276-277 (1978); *Commonwealth* v. *Williams*, 5 Mass. App. Ct. 809, 810 (1977). No abuse of that discretion is shown. Indeed, it has not even been made to appear that the complainant was still available to be recalled to the stand. 2. The other assignment of error which has been argued is without merit.

*Judgments affirmed.*

The case was submitted on briefs.
*Frank G. Kelleher* for the defendant.
*Philip T. Beauchesne*, Assistant District Attorney, for the Commonwealth.