COMMONWEALTH *vs.* ALICE THOMPSON.  March 29, 1983.  An officer's unresisted arrest of the defendant on two outstanding default warrants and his subsequent discovery of a steak knife in her pocketbook have led to her conviction by a Superior Court judge under G. L. c. 269, § 10(*b*) and (*d*).  1.  The evidence that the knife had a serrated blade eight inches long, when taken together with the evidence of where the knife was found and the defendant's statement to the officer that she carried it for her protection, was sufficient to warrant findings that the knife was "dangerous" within the meaning of § 10(*b*), as appearing in St. 1975, c. 585, § 1, and that the defendant knew it to be such.  See *Commonwealth* v. *Tarrant,* 367 Mass. 411, 415-417 (1975); *Commonwealth* v. *Appleby,* 380 Mass. 296, 304 (1980); *Commonwealth* v. *Blavackas,* 11 Mass. App. Ct. 746, 748, 752-753 (1981).  There is nothing to the contrary in *Commonwealth* v. *Sampson,* 383 Mass. 750, 755-759, 761-763 (1981).  2.  We reject the defendant's narrow interpretation of the phrase "warrant for an alleged crime" which is found in § 10(*b*).  The public policy which discourages the carrying of dangerous weapons which can be used against arresting officers (compare *Commonwealth* v. *Appleby,* 380 Mass. at 307-308 n.6) is at least as strong when an arrest is made on a default warrant issued under G. L. c. 276, § 36 or § 71 (see *Commonwealth* v. *Cross,* 4 Mass. App. Ct. 54, 58 [1976]), as when an arrest is made (A) on a warrant issued under G. L. c. 218, § 32 or § 33 (see *Commonwealth* v. *Smallwood,* 379 Mass. 878, 884-885 [1980]), under G. L. c. 276, § 22 (see *Commonwealth* v. *Baldassini,* 357 Mass. 670, 675-677 [1970]), or under Mass.R.Crim.P. 6(a)(2), 378 Mass. 852 (1979), or (B) without a warrant (see *Commonwealth* v. *Blavackas,* 11 Mass. App. Ct. at 752-753.  3.  The regrettable consequence of the judge's failure to comply with all the requirements laid down in *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509-510 (1979), is that there must be a new trial.  See and compare *Commonwealth* v. *Duquette,* 386 Mass. 834, 843-844, 845 (1982); *Commonwealth* v. *Connor,* 14 Mass. App. Ct. 488, 491-492 (1982).  4.  The judgment is reversed, and the finding of guilty is set aside.

*So ordered.*

*Nona E. Walker (Patricia A. O'Neill* with her) for the defendant.

*John N. Tramontozzi,* Assistant District Attorney, for the Commonwealth.