COMMONWEALTH *vs.* RALPH S. BEMIS.

Worcester.    September 26, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Competency, Relevancy, Presumptions and burden of proof. *Assault.*

At the trial of an indictment charging that the defendant on October 31, 1919, assaulted a certain female child under the age of sixteen years with intent carnally to know and abuse her and did so know and abuse her, and that on April 4, 1920, he made another assault with the same intent, the child testified as to sexual intercourse with the defendant on those dates. Further testimony by the child which tended to show that in August, 1920, within a month after she

became sixteen years of age, the defendant came to her bedroom and there had sexual intercourse with her, was *held* to have been admissible to prove a disposition on the part of the defendant to have illicit sexual relations with the child and to show the probable existence of the same passion at the times charged in the indictment.

At the trial of the same indictment, testimony of a physician that he had examined the child in October, 1920, and had found no trace of a hymen and that she had been penetrated was relevant and admissible to show that she had had sexual intercourse with some man, who might or might not be found to be the defendant; and the defendant's rights, upon the admission of such evidence, were sufficiently guarded by an instruction that "that evidence by itself alone, without referring to any other evidence in the case, would not be enough . . . to rely on in convicting this defendant."

At the trial of an indictment in three counts, charging the defendant in the first count with an assault upon a female child under sixteen years of age with intent carnally to know and abuse her and with so knowing and abusing her, in the second count with such an assault upon the same child at a later date, and in the third count with such assault on a date still later upon another such child, there was uncorroborated testimony by the child named in the first and second counts that the defendant had had sexual intercourse with her on the dates there named and that, about four months after the date mentioned in the second count, which was within a month after she became sixteen years of age, he had had further sexual intercourse with her. A physician testified that, upon an examination by him of the girl named in the first and second counts about a year after the date stated in the first count and about six months after that stated in the second count, there was no trace of a hymen and that she had been penetrated. The child named in the third count testified on direct examination that on the date therein named the defendant came to her bedroom between seven and eight o'clock in the evening and started "to get fresh with her;" that he put his foot over her right foot and "finally let her up;" that he said nothing and finally went down stairs; in cross-examination, she testified, "All he did was to put his hand on my bloomers." The defendant asked for rulings that "on all three counts the verdict should be 'Not Guilty,'" and that there was no evidence that the defendant assaulted the child named in the third count unlawfully and carnally to know or abuse her, as described in that count, and that as to that count also the "verdict should be 'Not Guilty.'" The jury upon the first count found the defendant "guilty of assault with intent unlawfully and carnally to know and abuse" the child therein named, and upon each of the second and third counts the finding was "guilty of assault only." *Held*, that the rulings requested properly were refused.

INDICTMENT, found and returned on October 31, 1919, charging in the first count, described in the opinion, that the defendant did assault a female child under the age of sixteen years with intent unlawfully and carnally to know and abuse her and did unlawfully and carnally know and abuse her; and in each of the second and third counts charging merely an assault with such an intent.

In the Superior Court, there was a trial before *Fosdick*, J. Material evidence and exceptions saved by the defendant are described in the opinion.

The judge charged the jury in part as follows: "There was evidence in this case, as I have said before, that after Ida E. Clifford had arrived at the age of sixteen years the defendant had intercourse with her at one time. We are not trying him for that case. Bear in mind that he is not to be found guilty in that case. He is only being accused in that case. The purpose you should use it for, if it becomes material is to indicate, if it indicates anything, his disposition to have illicit sexual relations with Ida. That is the only use you will make of it and you will not say that simply because he did this last thing after she was of age that therefore he must be guilty, by reason of that fact, of the other facts. You cannot use it in that way." The findings of the jury were: "Guilty of assault with intent unlawfully and carnally to know and abuse her," upon the first count; "guilty of assault only" upon the second count; and "guilty of assault only," upon the third count. The defendant alleged exceptions.

*J. H. Meagher, E. Zaeder & D. F. O'Connell,* for the defendant, submitted a brief.

*C. B. Rugg,* Assistant District Attorney, (*E. W. Baker,* Assistant District Attorney with him,) for the Commonwealth.

Pierce, J. The defendant was tried upon an indictment charging in count 1, "That the defendant, Ralph S. Bemis, on October 31, 1919, at Northboro in said county of Worcester, did assault Ida E. Clifford, a female child under the age of sixteen years, with intent unlawfully and carnally to know and abuse her, and her, the said Ida E. Clifford, did unlawfully and carnally know and abuse;" in count 2, "That the defendant, Ralph S. Bemis, on April 4, 1920, at said Northboro did in and upon Ida E. Clifford, a female child under the age of sixteen years, make an assault with intent her, the said Ida, E. Clifford, unlawfully and carnally to know and abuse;" and in count 3, "That the defendant, Ralph S. Bemis, on August 21, 1920, at said Northboro in and upon Ada V. Clifford, a female child under the age of sixteen years, did make an assault with the intent her, the said Ada, V. Clifford, unlawfully and carnally to know and abuse."

Ida E. Clifford attained the age of sixteen years on July 31, 1920. Ada V. Clifford attained the age of sixteen years on October 19, 1921. Ida E. Clifford alone testified that on October 31, 1919, and on April 11, 1920, the defendant had sexual intercourse with her. There was no corroboration.

Subject to the exception of the defendant, Ida E. Clifford testified that in August, 1920, after she had attained the age of sixteen years, the defendant came to her bedroom and there had sexual intercourse with her. In support of this exception the defendant relies upon the general rule that evidence of a distinct crime unconnected with that laid in the indictment cannot be given in evidence. *Commonwealth* v. *Feci,* 235 Mass. 562, 567. The rule of criminal evidence involved is however subject to many exceptions. *Commonwealth* v. *Choate,* 105 Mass. 451. *Commonwealth* v. *Bradford,* 126 Mass. 42. *Commonwealth* v. *Robinson,* 146 Mass. 571. *Commonwealth* v. *Snell,* 189 Mass. 12. *Moore* v. *United States,* 150 U. S. 57. *People* v. *Molineux,* 168 N. Y. 264. One of the recognized exceptions invariably followed in this Commonwealth is that, when a defendant is charged with any form of illicit sexual intercourse, evidence of the commission of similar crimes by the same parties though committed in another place, if not too remote in time, is competent to prove an inclination to commit the act charged in the indictment, *Commonwealth* v. *Nichols,* 114 Mass. 285, and is relevant to show the probable existence of the same passion or emotion at the time in issue. *Sullivan* v. *Hurley,* 147 Mass. 387. *Negus* v. *Foote,* 228 Mass. 375. The judge correctly instructed the jury in respect to the limited use it was permitted to make of the testimony excepted to and thereby fully conserved the rights of the defendant.

Subject to the exception of the defendant, a physician testified that he had examined Ida E. Clifford in October, 1920, and found there was no trace of a hymen and that she had been penetrated. This evidence of her physical condition clearly was not too remote from the dates named in the indictment, and it was relevant to establish the material fact that she had had sexual intercourse with some man, who might or might not be found upon the evidence to be the defendant. The rights of the defendant were guarded by the instruction "that evidence by itself

alone, without referring to any other evidence in the case would not be enough for you. to rely on in convicting this defendant."

Ada V. Clifford testified that on August 21, 1920, she was in her sister's bedroom in the defendant's home; that the defendant came into the bedroom between seven and eight o'clock in the evening and started "to get fresh with her;" that he put his foot over her right foot and "finally, let her up;" that he said nothing and finally went down stairs. During this occurrence Ida E. Clifford, her sister, was in the bedroom. In cross-examination, Ada testified, "All he did was to put his hand on my bloomers." The record discloses no further material evidence in support of either count of the indictment.

The defendant requested the court to instruct the jury (1) "That on all three counts the verdict should be 'not guilty';" and (2) "That there is no evidence that the defendant assaulted Ada V. Clifford with intent unlawfully and carnally to know and abuse her, as described in the third count of this indictment, and your verdict should be 'not guilty.'" These requests were properly refused. The testimony of the single witness if believed was sufficient to sustain the charge contained in counts one and two, and the testimony of the sister that the defendant put his foot over the foot of Ada, put his hand upon her bloomers and "finally, let her up" was sufficient to establish an assault upon Ada, and for the jury to infer in the light of all the circumstances the criminal intent of the defendant charged in the indictment. *Commonwealth* v. *Roosnell*, 143 Mass. 32.

*Commonwealth* v. *Merrill*, 14 Gray, 415, is distinguishable in that the female assaulted was above the age of non-assent.

*Exceptions overruled.*