COMMONWEALTH *vs.* NICOLA PICCERILLO.

Essex.    May 24, 1926. — June 28, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Carnal Abuse. Evidence*, Competency, Of criminal disposition, Admissions by conduct. *Practice, Criminal*, Judge's charge, Requests for instructions.

At the trial of an indictment charging carnal abuse of a female child under sixteen years of age, it is proper to permit the child to testify that she identified the place of the alleged crime to two members of the local police department.

In prosecutions involving unlawful sexual intercourse, testimony of undue familiarity before and after the alleged criminal intimacy is admissible to show the adulterous disposition of the parties.

At the trial of the indictment above described, evidence of criminal intercourse between the defendant and the child in the State of New Hampshire was admissible as showing an adulterous disposition on the part of the defendant, and an inclination and disposition of the defendant to commit the act charged in the indictment.

At the trial above described, the child was asked in cross-examination, "You never found your mother to be cruel to you in your life, did you?" The question was excluded and the defendant excepted. The record did not describe what answer was expected or that it would have had any bearing upon the issue of the guilt or innocence of the defendant. *Held*, that the exception must be overruled.

Testimony, at the trial above described, by a police woman, stating a conversation which she had with the defendant before he was placed under arrest and in the presence of the child and two police officers, and in which the defendant made statements of an incriminating nature, was *held* properly to have been admitted.

At the trial above described, it appeared that the child did not make any complaint of the acts of the defendant to either of her parents or to any person until the time when she was taken to the police station and there told her story in the presence of the defendant and the police officers. The defendant asked that the jury be instructed: "It is so natural that a virtuous female should complain of such an act as alleged in this indictment to those connected by ties of blood, that her neglect is a circumstance which may discredit her." The instruction was not given in form but the jury were instructed that the "fact of whether . . . [the child] made immediate complaint to her mother or others of the assault alleged to have been committed on her, is proper to be considered on the question of the weight to be given to her testimony." *Held*, that the instruction was correct and substantially covered the request.

INDICTMENT, found and returned on September 12, 1924.

The indictment was tried before *Walsh*, J. Material evidence and exceptions saved by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*S. H. Donnell, E. B. O'Brien, & C. J. Powell*, for the defendant.

*W. G. Clark*, District Attorney, & *E. F. Flynn*, Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendant was tried and convicted upon an indictment which charged that on May 28, 1924, at Lawrence in the county of Essex he made an assault upon Cecil Desrocher, a female child under the age of sixteen years, with intent unlawfully and carnally to know and abuse her, and that he did so unlawfully and carnally know and abuse her. The case is before this court upon exceptions to the admission and exclusion of evidence, and to the refusal of the trial judge to give certain instructions.

Cecil Desrocher, called as a witness by the Commonwealth, testified in substance that she was thirteen years old on April 2, 1924, and lived with her parents; that she was a pupil in the Cross Street School at Lawrence; that she first met the defendant in March, 1924, and went to ride with him in an automobile; that thereafter she went to ride with him on several occasions and that each time they stopped at a place on a street called Lovers Lane; that some time during the last week in May she went with him to the same place, and that he there had sexual intercourse with her; that about two weeks before this time she went with him to a place in the State of New Hampshire where he had sexual intercourse with her, and that before this time on two other occasions he had sexual intercourse with her at the same place in New Hampshire. The witness was asked if she indicated the place on Lovers Lane where the defendant took her (and which she had previously described) to any one; she was also asked, "And to whom did you indicate it?" Her answer was, to "Miss Herlihy and Mr. Bolton." These persons were members of the police department of the city of Lawrence. The defendant's exception to the admission of this evidence cannot be sustained. The evidence was admissible to identify the place referred to by the witness and to show that the court had jurisdiction. *Commonwealth* v. *Piper*, 120 Mass. 185, 187.

The testimony of the witness that the first time she went out riding with the defendant he kissed her was competent. In prosecutions involving unlawful sexual intercourse, testimony of undue familiarity before and after the alleged criminal intimacy is admissible to show the adulterous disposition of the parties. Such testimony is admissible to render it not improbable that the act might have occurred. *Thayer* v. *Thayer*, 101 Mass. 111. *Beers* v. *Jackman*, 103 Mass. 192. *Commonwealth* v. *Bemis*, 242 Mass. 582.

The evidence of criminal intimacy between the defendant and the Desrocher girl in the State of New Hampshire was admissible as showing disposition on the part of the defendant to unlawful sexual intercourse, and an inclination and disposition of the defendant to commit the act charged in

the indictment. *Commonwealth* v. *Bemis, supra.* The fact that it related to acts of sexual intercourse between these parties in New Hampshire is no objection to its competency to show the criminal disposition of the defendant to commit the crime charged. *Thayer* v. *Thayer, supra.* See also *Commonwealth* v. *Nichols,* 114 Mass. 285.

The witness was asked on cross-examination, "You never found your mother to be cruel to you in your life, did you?" That question was properly excluded. It does not appear what the answer would be or that it would have had any bearing upon the issue of the guilt or innocence of the defendant.

Nora E. Herlihy, a police woman in Lawrence, was permitted, subject to the exception of the defendant, to testify to a conversation with the defendant in the police station in the presence of Cecil Desrocher and two police officers. The witness testified that she asked the defendant if he knew the girl and he answered, "No, I never saw her"; that he afterwards said he knew her, that he never took her riding unless the girl telephoned him, that when she went with him he had kissed her, and that he always had a "fellow" with him; that the witness asked him the name of the person who went with him and he replied that he did not know. When this conversation occurred the defendant was not under arrest. While he was not called upon to answer the questions put to him, yet as he did so and his replies were equivocal, the questions by which they were elicited and the answers were admissible. This evidence was properly submitted to the jury under correct and sufficient instructions. The exception to its admission must be overruled. *Commonwealth* v. *Trefethen,* 157 Mass. 180. *Commonwealth* v. *Spiropoulos,* 208 Mass. 71, 74.

The defendant excepted to the refusal of the trial judge to give the following instruction: "It is so natural that a virtuous female should complain of such an act as alleged in this indictment to those connected by ties of blood, that her neglect is a circumstance which may discredit her." The evidence shows that the girl did not make any complaint to either of her parents or to any person of the acts of the de-

fendant until the time when she was taken to the police station, and there told her story in the presence of the defendant and the police officers. The presiding judge in commenting upon the failure of the girl to complain to any person of the alleged assault told the jury that "The fact of whether or not Cecil Desrocher made immediate complaint to her mother or others of the assault alleged to have been committed on her is proper to be considered on the question of the weight to be given her testimony." This instruction was correct and substantially covered the request.

We have considered all the exceptions argued by the defendant, and find no error in the conduct of the trial.

*Exceptions overruled.*