COMMONWEALTH *vs.* ALEXANDER ELLIS.

Suffolk.     October 6, 1947. — October 30, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Evidence*, Relevancy and materiality.  *Practice, Criminal*, Exceptions: whether error harmful.  *Error*, Whether error harmful.

Evidence, that a defendant on trial for statutory rape upon a young girl had indecently placed his hands upon another girl at about the time of the crime charged, had no tendency to contradict evidence previously introduced by the defendant to show that he was sexually impotent and physically unable to commit the crime charged, and the admission of the evidence of the indecent act was error prejudicial to the defendant.

INDICTMENT, found and returned on June 9, 1944.

The case was tried in the Superior Court before *Brogna*, J.

*G. R. Farnum*, (*L. J. Gillis & C. G. Anastos* with him,) for the defendant.

*F. J. Hickey*, Assistant District Attorney, (*G. L. Stretch* with him,) for the Commonwealth.

LUMMUS, J.  The indictment in ten counts charges the defendant, on ten different days in the first quarter of the year 1944, with statutory rape upon a female child in fact about twelve years of age.  G. L. (Ter. Ed.) c. 265 § 23. After the decision in *Commonwealth* v. *Ellis*, 319 Mass. 627, the case was tried to a jury.  The defendant was found guilty upon each count, and was sentenced to the State prison.  His appeal raises various questions of evidence. The case comes here on his appeal, with a summary of the record, a transcript of the evidence, and an assignment of errors, under G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended.

The defendant has been a tailor for more than forty years, and at the time of the alleged crimes had a shop on Broadway in Chelsea, where the crimes were allegedly committed. The girl worked for the defendant to some extent after school hours.  It is not contended that she did not in fact consent

to the acts, but under the statute her actual consent is immaterial. *Glover* v. *Callahan*, 299 Mass. 55, 58, 59.

The consideration of one question of evidence is sufficient to show that the verdict and judgment cannot stand. The defendant introduced evidence tending to show that he was sexually impotent and physically unable to commit a crime involving sexual intercourse. To contradict this evidence, the Commonwealth, over the exception of the defendant, introduced the testimony of a somewhat older sister of the female child before mentioned, to the effect that the defendant had put his hands upon the breasts and body of the sister in March, 1944.

The testimony of the sister had no legitimate tendency to prove that the defendant was capable of sexual intercourse with the younger child named in the indictment. Obviously, a man who is impotent may have lascivious desires, and be guilty of lecherous acts. The only effect of this testimony was to show that the defendant was a lewd man, and to lead the jury to believe that a man of his character would be likely to commit the crimes charged. Where misconduct of a defendant has no relevancy except to provide a basis for such an argument, it may not be shown. Ordinarily the commission of one offence may not be shown upon a trial for another. *Commonwealth* v. *Jackson*, 132 Mass. 16. *Commonwealth* v. *Robinson*, 146 Mass. 571, 577. *Miller* v. *Curtis*, 158 Mass. 127, 129. *Commonwealth* v. *Danton*, 243 Mass. 552. *Commonwealth* v. *Kosior*, 280 Mass. 418, 423. *Commonwealth* v. *Green*, 302 Mass. 547, 552. *Commonwealth* v. *Stone*, *ante*, 471. But the testimony which was admitted, though irrelevant, was highly prejudicial to the defendant. It is to be noted that the evidence in question had no tendency to show a lecherous disposition toward the younger child named in the indictment.

*Judgment reversed.*
*Verdict set aside.*