COMMONWEALTH *vs.* GEORGE A. MACHADO.

Middlesex. October 5, 1959. — November 6, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, &
WHITTEMORE, JJ.

*Carnal Knowledge. Evidence,* Relevancy and materiality, Competency, Admissions and confessions.

At the trial of an indictment for carnal knowledge of a girl under sixteen years of age on a certain date, where there was evidence of intercourse between the defendant and her at various times after that date, testimony that the defendant was seen in bed with her six months after that date was not too remote to be competent as showing an inclination to commit the act charged in the indictment. [715]

At the trial of an indictment for carnal knowledge of a girl under sixteen years of age, a signed statement by her in which she accused the defendant of having had intercourse with her was competent to prove an admission by the defendant on testimony by a police officer that he showed the statement to the defendant and asked him what he had to say and that the defendant replied that he "neither admitted it nor denied it." [715–716]

A finding of guilty at the trial of an indictment for carnal knowledge of a girl under sixteen years of age was warranted by evidence that the defendant, by an equivocal response to accusations made by the girl that he had had intercourse with her at about the date stated in the indictment and on later occasions, admitted the accusations, and that he was seen in bed with the girl six months after that date. [716]

INDICTMENT, found and returned on March 5, 1958.

The case was heard without jury in the Superior Court, and reported, by *Donahue, J.*

Commonwealth *v.* Machado.

*Neil Colicchio, (Ronald J. Chisholm* with him,) for the defendant.

*P. Harold Ready,* Special Assistant Attorney General, for the Commonwealth.

RONAN, J. The defendant was indicted, tried, found guilty and sentenced for having unlawfully and carnally known and abused on August 23, 1957, a child then under sixteen years of age.

There was evidence that the child (who was born on December 11, 1941) was the defendant's stepdaughter. On February 23, 1958, she gave a detailed, signed statement to the police in which she accused the defendant of having had intercourse with her on a number of occasions commencing the middle of August, 1957, and stated that at five o'clock that morning, February 23, 1958, the defendant, clad only in a "T" shirt, had gotten into bed with her, but had jumped out when her mother entered the room.

At the trial, jury waived, the child testified that she never had had intercourse with the defendant, but that in August, 1957, she had had intercourse with a boy whose name she did not know, and that the accusations contained in the statement to the police were not true. She gave birth to a baby on May 28, 1958.

The child's mother, the defendant's wife, testified that at five o'clock on a morning in February, 1958, she went into her daughter's room and saw the defendant in bed with her daughter, and that when he got out he wore only an undershirt.

One Balas, a police officer, testified that he showed the defendant the child's signed statement and asked him what he had to say, and that he replied "that he neither admitted it nor denied it."

The case is here on a report of the trial judge which raises questions as to whether or not the defendant can be convicted if the only affirmative evidence offered is his equivocal answer to the accusations contained in the statement and the evidence of the child's mother of conduct which she observed in February, 1958.

The testimony of the mother that she observed the defendant in bed with her daughter in February, 1958, tends to indicate the relationship between the defendant and his stepdaughter with which he was accused. "[W]hen a defendant is charged with any form of illicit sexual intercourse, evidence of the commission of similar crimes by the same parties . . . if not too remote in time, is competent to prove an inclination to commit the act charged in the indictment . . . and is relevant to show the probable existence of the same passion or emotion at the time in issue." *Commonwealth* v. *Bemis*, 242 Mass. 582, 585. We do not think the evidence in this instance is too remote. The defendant relies upon *Commonwealth* v. *Burke, ante,* 521, where evidence that the defendant had occupied an apartment with a woman other than his wife seven months prior to his wife's death but not thereafter was held to be too remote on the issue of the defendant's alleged hostility toward his wife, whom he was accused of murdering. The *Burke* case is distinguishable. There the prosecution attempted to infer one attitude, namely, hostility on the part of the defendant toward his wife, by evidence tending to prove the existence of another, namely, the defendant's affection for another woman; and, further, there was no evidence that the allegedly adulterous relationship continued after the occupancy of the apartment seven months before the crime. In the present case the mother's testimony tended to show the same passion or emotion on the defendant's part, and there was further evidence, contained in the child's statement to the police (the truth of which could have been found to have been admitted), that the defendant had intercourse with his stepdaughter at various times after August, 1957, so that the event of August, 1957, was not, as in the *Burke* case, "unconnected with later events of like nature." The mother's testimony was not inadmissible for remoteness.

With respect to the testimony of Officer Balas as to the defendant's answer when called upon to comment upon the accusations contained in the child's statement to the police, it is the well settled law of this Commonwealth that, where

an accused responds to incriminating accusations made of him in an equivocal, evasive or irresponsive way inconsistent with his innocence, both the accusations and his answer are admissible. *Commonwealth* v. *Kenney,* 12 Met. 235. *Commonwealth* v. *Trefethen,* 157 Mass. 180, 197–198. *Commonwealth* v. *Piccerillo,* 256 Mass. 487, 490. *Commonwealth* v. *Helfman,* 258 Mass. 410, 414–415. *Commonwealth* v. *Hamel,* 264 Mass. 564, 569. *Commonwealth* v. *Hebert,* 264 Mass. 571, 578. *Commonwealth* v. *Graham,* 279 Mass. 466, 468. *Commonwealth* v. *Lucas,* 332 Mass. 594, 598, and cases cited. *Commonwealth* v. *Locke,* 335 Mass. 106, 115–116. *Commonwealth* v. *Reynolds,* 338 Mass. 130, 135. This is not a case of an accused's refusal to talk upon constitutional or other grounds. See *Commonwealth* v. *Sazama, ante,* 154, 157–158; *Commonwealth* v. *Burke, ante,* 521, 532.

We have repeatedly stated that the sufficiency of evidence is not to be measured in merely quantitative terms. *Commonwealth* v. *DiStasio,* 294 Mass. 273, 286. *Commonwealth* v. *Mabey,* 299 Mass. 96, 99. *Commonwealth* v. *Gale,* 317 Mass. 274, 277–278. *Commonwealth* v. *Kimball,* 321 Mass. 290, 293. An admission alone, see *Commonwealth* v. *Kimball,* 321 Mass. 290, or in combination with circumstantial evidence, see *Commonwealth* v. *Lucas,* 332 Mass. 594, may be enough if sufficiently persuasive. Here the defendant's equivocal answer when shown the child's incriminating accusations, together with the mother's testimony, was sufficient to support a finding of guilt beyond a reasonable doubt.

*Judgment affirmed.*