(No. 36559.—■■■■■■■■■)

The People of the State of Illinois, Defendant in Error, *vs.* Earl Crocker, Plaintiff in Error.

*Opinion filed June 6, 1962.*

LAURENCE S. ROBBINS, of Chicago, appointed by the court, for plaintiff in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Defendant, Earl Crocker, was tried by jury in the circuit court of St. Clair County and found guilty of the crime of rape and sentenced to the penitentiary for a term of 25 years. He has brought the case here on a writ of error to review the judgment of conviction.

The defendant contends that the trial court committed prejudicial error in permitting the State to prove that the defendant was guilty of a separate offense. The record shows that the defendant was indicted and tried for the rape of Rebecca Foxx. After Rebecca Foxx had testified that the defendant had raped her, Sarah Easley testified, over objection by the defendant, that she was a passenger in the defendant's car at the time of the alleged assault upon Rebecca Foxx. She testified that after the defendant had intercourse with Rebecca he got in the back seat of the car and forced her to submit to an act of intercourse. She also

testified that she was pregnant and that the defendant was the father of the child. Defendant's counsel objected to the latter statement by the witness and the court sustained the objection. The defendant then moved for a mistrial because of the prejudicial testimony of Sarah Easley but the court denied the motion stating that he thought "that it was all right."

Counsel for the defendant has cited certain cases in support of the rule that evidence of other crimes is usually inadmissible, and counsel for the State has cited cases illustrative of the many exceptions to that rule. None of these cases involve factual situations similar to that here. Our own research has disclosed that we have heretofore held, in very similar cases, that evidence of other sexual assaults at or about the same time as the crime with which the defendant is charged is inadmissible. In *People* v. *Gibson,* 255 Ill. 302, the defendant was charged with statutory rape of one girl and the State proved that immediately following the rape of that girl he had intercourse with another young girl. This court held that proof of the latter act was not necessary to a proper understanding of the question at issue and held that it was very plain that the trial court had erred in admitting testimony of an offense against the second girl. A similar situation was also presented in *People* v. *Bernsee,* 367 Ill. 518. The defendant there was charged with taking indecent liberties with a certain girl and the State presented evidence tending to prove that at about the time the defendant was claimed to have committed the act in question with that girl, he made improper advances toward another. We held, relying upon the *Gibson* case, that the trial court committed prejudicial error in permitting such evidence.

The *Gibson* case, if followed, would appear to be decisive of the issue presented here. We have, however, reexamined the question and are persuaded that the holding in *Gibson* was unsound. In a dissenting opinion in the *Gibson* case, Mr. Justice Carter analyzed many cases from other

jurisdictions as well as prior decisions of this court and concluded that evidence of the second sexual assault was admissible as a part of the *res gestae*. This conclusion appears to be in accord with the great weight of authority. (See *Wigmore, Evidence, Third Edition,* sec. 398, page 362, where the holding in the *Gibson* case is termed "absurd" and the *Bernsee* case "unsound".) We therefore overrule *People* v. *Gibson* and we hold that in the present case evidence of the assault upon Sarah Easley was properly admitted as part of the *res gestae*.

However, while evidence of the second act of intercourse was properly admitted, there was no justification for deliberately bringing out before the jury the fact that Sarah Easley was pregnant and that the defendant was the father of the unborn child. This evidence had no relevance to the issues in the case and was of a highly prejudicial nature. While the trial judge sustained the defendant's objection, the evidence was already before the jury and its prejudicial effect could not be removed by a mere sustaining of an objection. The jury not only determined the guilt of the defendant, but also fixed his sentence. The sentence imposed by the jury was severe and might well have been influenced by this prejudicial evidence. We are of the opinion that the trial judge erred in denying defendant's motion for a mistrial. The judgment of conviction can not be permitted to stand.

Since the cause must be remanded for a new trial, we find it unnecessary to consider the other errors assigned. The judgment of the circuit court of St. Clair County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*