COMMONWEALTH vs. DENNIS VERNAZZARRO.  September 22, 1980.  The
appeal is from jury-waived convictions on indictments laid under G. L.
c. 265, §§ 13B (as appearing in St. 1958, c. 189) and 23 (as appearing in
St. 1974, c. 474, § 3).  1. The defendant had been supplied with the
minutes of the grand jury, police reports, the report of a physician who
had examined the victim following the assaults, and a list of the prosecu-
tion's witnesses.  The victim was nine years old at the time of trial and
was expected to testify to events which (according to the minutes of the
grand jury and the allegations of the indictments) had occurred approxi-
mately a year prior to trial.  It must have been obvious to the judge (as

was subsequently confirmed at trial) that the prosecution had already furnished particulars as to the dates of the offences to the best of its ability, and the judge quite properly refused to put the prosecution in a straitjacket by ordering further particulars as to those dates. See *Commonwealth* v. *Baker*, 368 Mass. 58, 77 (1975); *Commonwealth* v. *Gallo*, 2 Mass. App. Ct. 636, 639 (1974); Mass.R.Crim.P. 13(b)(1), 378 Mass. 872 (1979). 2. The judge had conducted voir dire examinations of the victim and of the physician who had examined her following the assaults and had observed and recorded his observations of the victim's demeanor in the court room. It was well within the judge's discretion to conclude (as he did) that he could make a proper determination of the victim's competence to testify (see *Commonwealth* v. *Whitehead*, 379 Mass. 640, 655-656 [1980]) without ordering a mental examination under G. L. c. 123, § 19. See generally *Commonwealth* v. *Gibbons*, 378 Mass. 766, 769-774 (1979). 3. The defendant was not harmed by the judge's refusal to order disclosure of the full contents of the report of the psychiatrist who had examined the victim at the prosecution's request. As the prosecutor asserted and the judge found after reading the report (as we have), it was directed to the question of the psychological impact that testifying in court would have on the victim. There was nothing in the report which bore on the victim's competence to testify, nor was there anything of significance which bore on the credibility of the victim which was not already known to counsel for the defendant or elicited by him during the course of the trial. 4. There was no offer of proof as to the contents of the victim's school records, and the offer of proof as to the contents of the victim's prior hospital record was inadequate in the circumstances. See and contrast *Commonwealth* v. *Bohannon*, 376 Mass. 90, 92-93, 95 (1978). Neither of those records was marked for identification or otherwise incorporated in the record on appeal, with the result that the defendant is in no position to demonstrate error in the judge's refusal to require disclosure of their contents. Compare *Commonwealth* v. *Core*, 370 Mass. 369, 371 (1976); *Commonwealth* v. *Coward*, 7 Mass. App. Ct. 867 (1979). 5. The defendant's two claims of ineffective assistance of trial counsel fall by the wayside for the reason (if no other) that the present record fails to disclose the existence of any alibi witness who could have testified in the defendant's behalf or that the defendant had ever been examined by a psychiatrist. 6. The argument in support of the defendant's motion under Mass. R.Crim.P. 25(a), 378 Mass. 896 (1979), confuses the weight of the evidence with the sufficiency of the evidence to warrant rational findings of guilt beyond a reasonable doubt. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). 7. No other question has been argued.

*Judgments affirmed.*

*Stephen R. Kravetz* for the defendant.

*Susan Wechsler*, Legal Assistant to the District Attorney (*Charles J. Hely*, Assistant District Attorney, with her) for the Commonwealth.