Volterra, J.
The defendant Bobby Maben has been charged with twenty-seven counts of rape of a child and fifty counts of indecent assault and battery. The defendant has now moved to dismiss the indictments on grounds that the bill of particulars gave him inadequate notice of the charges against him therefore depriving him due process of law guaranteed by the United States Constitution and the Massachusetts Declaration of Rights. Alternatively, the defendant seeks to have the Commonwealth elect specific acts upon which to rely for convictions. For reasons set forth below, the defendant’s motion to dismiss is conditionally allowed.
DISCUSSION
The defendant has been charged on four indictments. The first indictment contains two counts of rape of child in 1985. The second indictment contains twenty-five counts of rape of child in 1992. The final two indictments each contain twenty-five counts of indecent assault and battery, one in 1989, the other in 1992. The facts as alleged in the bill of particulars follow.
In 1985, the defendant would force his fingers into the victim’s vagina. The victim does not remember where the incidents took place, but she lived with her Mother, the defendant, and her siblings in Boston. In 1989, the defendant would enter tire victim’s bedroom at night. He would lay behind the victim in her bed and rub his naked body against hers. These events occurred at 51 Orlando Street in Dorchester.
In 1991, during November and December, when no one was around, the defendant would grab the victim’s breast and comment on how nice her body was. These incidents would occur at 92 Spencer Street in Dor-chester. In 1992, the defendant would enter the victim’s bedroom and tell her to have sex with him. The defendant would lay on top of the victim, move her clothes out of the way, and insert his penis in her vagina. Additionally, it is alleged in 1992, that the defendant would ask the victim to have oral sex with him, he would walk into the bathroom while the victim was taking a shower, and he would grab the victim’s breast as she walked around the house. These events also occurred in Dorchester.
The defendant argues that the indictments and the bill of particulars fail to provide him with adequate notice of the charges against him. The defendant contends that this infirmity inhibits his ability to prepare a proper defense and leaves him unprotected against double jeopardy. Further, the defendant asserts that the inadequate information in the indictment and bill of particulars deprived him of due process of law guaranteed by the United States Constitution and the Massachusetts Declaration of Rights.
The case law on specificity in sexual abuse indictments is narrow. The sole issue addressed by the case law of this Commonwealth has been the specificity of dates in sexual abuse indictments. These cases have allowed comparably vague dates in sexual abuse indictments. See Commonwealth v. Montanino, 409 Mass. 500, 512-13 (1991); see, e.g., Commonwealth v. King, 387 Mass. 464, 473 (1982). However, the Su *541 preme Judicial Court points out that “A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances.” Montanino, 409 Mass. at 512 (quoting United States v. Cruishank, 92 U.S. 542, 558 (1875) (emphasis added)). The “reasonableness” of the particularity is left to the sound discretion of this Court. Id. at 513.
There are constitutional concerns when there are excessive counts of the same charge or act alleged over otherwise permissibly vague dates. Courts in other jurisdictions have held that the prosecutor can be ordered to elect specific acts upon which to rely for conviction. People v. Mota, 171 Cal.Rptr. 212, 214-15 (Cal. Ct. App. 1981) (election forces the prosecution to choose which act they are relying upon so that the defendant could be put on notice and properly defend against the charges); People v. Estorga, 200 P.2d 520, 523 (Colo. 1980) (“where there is evidence of many acts, any one of which would constitute the offense charged, the People may be compelled to select the transaction on which they rely for a conviction.”); Burlison v. State, 501 S.W.2d 801, 804 (Tenn. 1973) (election assures that some jurors do not convict on one act while other jurors convict on other acts and election also protects defendant from double jeopardy).
The case for election is strengthened, in that, each of the twenty-five repetitive counts in the indictments are supported in the bill of particulars with the same time, manner and means, and place. I find that the indictments as they stand are unduly prejudicial and constitutionally infirm. MASS. CONST. Pt. 1, art. XII. The indictments should be amended reflecting a single count per act, occurring over divers times and dates, upon which the Commonwealth relies for conviction. See Mass. R. Crim. P. 4(d).
ORDER
The Commonwealth may, if it wishes, file a further motion to amend the indictments consistent with this opinion. If such motion has not been filed within thirty days of the date of this opinion, it is ORDERED that defendant’s motion to dismiss with respect to indictments 92-11752-003, 005,and 006 be ALLOWED.