COMMONWEALTH *vs.* GARY YETZ. No. 94-P-94. January 4, 1995. *Evidence*, Prior misconduct, Admissions and confessions, Other offense, Relevancy and materiality, State of mind, Opinion. *Witness*, Limits on testimony. *Indecent Assault and Battery.*

After a jury trial in the Superior Court, the defendant was convicted of eleven charges of forcible rape of a child under the age of sixteen, seven charges of rape of a child under the age of sixteen and ten charges of indecent assault and battery on a child under the age of fourteen. On appeal, his principal claim of error is that the trial judge erred in admitting evidence of prior sexual abuse of another child. We reverse.

At the outset of the trial, the prosecutor filed a motion in limine seeking admission of evidence regarding the defendant's sexual relationship with the complainant's maternal aunt. The defendant admitted to a sexual relationship with the aunt that began when she was eleven in the form of indecent touchings, progressed when she was twelve or thirteen to sexual intercourse, and ended when she was sixteen. As a result of this relationship, the defendant had been charged with ten counts of rape of a child to which he had pleaded guilty and served time in prison. Over the objection of the

defendant, the judge agreed to admit the evidence on the ground that the similarity between the defendant's behavior toward the complainant's aunt and his alleged behavior toward the complainant, who was his step-daughter, was relevant to show a common course of conduct and his state of mind. During the trial, over the objection of the defendant, the complainant's aunt testified in graphic detail about the defendant's sexual contacts with her. The prosecutor also cross-examined the defendant extensively about this relationship.

While it is true that evidence of prior bad acts, if not outweighed by a risk of undue prejudice to the defendant, may be admitted to show a common course of conduct or state of mind, *Commonwealth* v. *Helfant*, 398 Mass. 214, 224-225 (1986), the conduct in issue must be closely related in time, place, and form of acts. *Commonwealth* v. *King*, 387 Mass. 464, 472 (1982). *Commonwealth* v. *Barrett*, 418 Mass. 788, 794 (1994). Here, there is a hiatus of more than two years between the defendant's termination of his relationship with the complainant's aunt and the commencement of the alleged sexual abuse of the complainant. Cf. *Commonwealth* v. *Helfant*, 398 Mass. at 228 n.13 (where incidents occurred three years apart prior conduct deemed not too remote given the distinctiveness and near identicality of the conduct). While all of the complainant's allegations of sexual abuse occurred in the defendant's home where the complainant resided as his step-daughter, the sexual conduct with the aunt, who did not reside in the defendant's household, did not. Most significant of all is the fact that the form of the conduct was not alike. The complainant testified that her contact with the defendant consisted of a series of forced and unwanted sexual encounters; her aunt admitted that her relationship with the defendant was a desired and consensual one. In those circumstances, we conclude that the defendant's prior misconduct with the complainant's aunt did not bear the "temporal and schematic nexus" necessary to render the evidence admissible to demonstrate a common course of conduct or the defendant's state of mind at the time of the alleged sexual abuse of the complainant. *Commonwealth* v. *Gallison*, 383 Mass. 659, 672-673 (1981). *Commonwealth* v. *King*, 387 Mass. at 470. The evidence at trial on this subject was abundant, and its admission was prejudicial, requiring a new trial.

The defendant also argues that testimony from the complainant's brother that he saw the defendant and the complainant on the couch together and it looked "suspicious" was improperly admitted. As a general rule a witness is permitted to testify only to facts that the witness has observed and may not give an inference or opinion based upon those facts. *Olson* v. *Ela*, 8 Mass. App. Ct. 165, 167 (1979). Although we perceive the admission of this testimony to be harmless error, upon retrial the witness

should not be permitted to render his opinion that what he observed looked "suspicious."

*Judgments reversed.*
*Verdicts set aside.*

*Beth L. Eisenberg*, Committee for Public Counsel Services, for the defendant.

*Eric Neyman*, Assistant District Attorney, for the Commonwealth.