COMMONWEALTH *vs.* ERIC H. ANDERSON, JR. May 21, 2003. *Evidence*, Prior misconduct, Motive, Intent.

The Commonwealth appeals from the denial of its petition pursuant to G. L. c. 211, § 3, by a single justice of this court. We affirm.

The Commonwealth filed its petition seeking review of a Superior Court judge's denial of its motion in limine to admit evidence in the defendant's murder trial of certain prior and subsequent bad acts allegedly establishing his motive and intent. Specifically, the Commonwealth claimed that the motive for the murder was gender-based animus and that Anderson's prior and subsequent bad acts demonstrated his hatred of women. A single justice of this court exercised her discretion to consider the Commonwealth's petition on the merits. She concluded that the Superior Court judge did not abuse his discretion in denying the Commonwealth's motion on three separate and adequate bases: that the prior and subsequent bad acts at issue were insufficiently similar to the charged offense; that they were too remote in time to warrant admission; and, further, that even if they otherwise warranted admission, evidence of the acts was more prejudicial than probative.[1]

*Facts.*

The defendant is charged with the 1977 murder of Ruth Masters, whose body was found in the woods of Myles Standish State Forest. Her breasts had been cut off, her abdomen sliced open and her internal organs displaced to give the appearance of male genitalia. There was no indication of rape.

---

[1]The Commonwealth concedes that, at oral argument before the single justice, it "argued for the admission of the defendant's subsequent bad acts but left the prior bad acts to the discretion of the trial judge." In her memorandum of decision, the single justice stated that she focused "on the defendant's subsequent bad acts, as the Commonwealth no longer presses the trial judge's rulings regarding the defendant's prior bad acts . . . . In any event, my conclusions apply to those acts as well."

On appeal, the Commonwealth requests that the full court "reverse the orders of the [s]ingle [j]ustice and of the Superior Court and permit the admission of the evidence of the defendant's subsequent bad acts." Thus, the Commonwealth has abandoned its claim concerning the defendant's prior bad acts.

In its motion in limine, the Commonwealth sought the admission of, among other things, evidence concerning two incidents involving the defendant, both of which took place after the murder. In 1977, five months after the murder, the defendant picked up a female hitchhiker in his automobile. He tied her up and cut her several times around her throat with a knife when she attempted to escape, but did not sexually assault her. He was convicted of assault and battery by means of a dangerous weapon, kidnapping, and assault with intent to rape, and sentenced to serve a prison term. He was released in 1988.

In 1990, the defendant parked his truck on the side of a road in Maine. When the woman who lived at the end of the road stopped to offer help, the defendant stabbed her, tied her hands, and dragged her back to his truck, but did not sexually assault her. He was convicted of kidnapping and aggravated assault, and sentenced to serve a prison term of from twelve to fifteen years. He is still serving that sentence.

*Analysis.*

We review the single justice's denial of the Commonwealth's petition to determine whether she abused her discretion or committed other clear error of law. See, e.g., *Commonwealth v. Sowell*, 412 Mass. 1009, 1009 (1992) ("Our review is limited to errors of law including abuse of discretion"). There was no such error.

First, it was not an abuse of discretion to determine that the 1977 and 1990 assaults are insufficiently similar to the murder of Ruth Masters to warrant admission. As both the single justice and the trial judge noted, the subsequent assaults have little in common with the murder, except that all three incidents involve an attack on a woman with a knife.[2] See, e.g., *Commonwealth v. Yetz*, 37 Mass. App. Ct. 970, 971 (1995) ("While it is true that evidence of [separate] bad acts . . . may be admitted to show a common course of conduct or state of mind . . . the conduct in issue must be closely related in time, place, and form of acts" [citations omitted]).

Second, it was not an abuse of discretion to conclude that the 1977 and 1990 assaults were too remote in time to demonstrate the defendant's state of mind at the time of the murder. "There is no bright-line test for determining temporal remoteness of evidence of prior misconduct"; however, "[w]here the logical relationship between the . . . offenses is more attenuated, a time span of fifteen minutes may be too much." *Commonwealth v. Helfant*, 398 Mass. 214, 228 n.13 (1986). Because the subsequent assaults have little in common with the murder, even the passage of five months between the murder and the 1977 assault may render it too remote to warrant admission. See *Commonwealth v. Scott*, 408 Mass. 811, 819 n.8 (1990) ("It is difficult to establish plan, motive, and intent over a period of ten years").[3]

Third, as a final independent and adequate basis for excluding the evidence,

---

[2]The Commonwealth asserts that in a case such as this one, where the subsequent bad acts are not being offered to prove identity, the similarity requirement is "relaxed." Whether or not the standard is a stringent one, it was not an abuse of discretion to exclude evidence of the 1977 and 1990 assaults because, as the single justice noted, they "contain no features that distinguish them from a myriad of other sexual assaults upon women committed by other perpetrators."

[3]The Commonwealth argues that remoteness is not significant with regard to the 1990 assault because "the defendant had been imprisoned for all except approximately two

it was not an abuse of discretion to find that the evidence of the defendant's subsequent bad acts would be more prejudicial than probative. Essentially, the Commonwealth's argument is that "the defendant began attacking women in 1957 and continued through 1990 and only stopped when he was surrounded by prison walls."[4] Without a more compelling showing linking his other assaults to the murder of Ruth Masters, the danger is potentially great that the jury will convict the defendant simply because he has a history of attacking women.

The judge therefore was within his discretion in denying the Commonwealth's motion in limine, and the single justice properly denied its petition.

*Judgment affirmed.*

*Mary E. Lee*, Assistant District Attorney, for the Commonwealth.

*Bruce Ferg*, Committee for Public Counsel Services, for the defendant.


years" between the murder and the assault. However, the cases the Commonwealth cites in support of this proposition require a strong similarity between the charged offense and the bad act. See, e.g., *Commonwealth* v. *Kater*, 432 Mass. 404, 416 & n.8 (2000) (longer intervening period permissible due to "signature" nature of crime); *Commonwealth* v. *Helfant*, 398 Mass. 214, 228 (1986) (longer intervening period permissible due to "distinctiveness" and "near identicality" of acts). The judge reasonably concluded that no such similarity exists here.

[4]Despite abandoning its claim concerning the defendant's prior bad acts, i.e., a series of breaking and entering convictions in 1956 and an assault conviction in 1957, the Commonwealth relies on them in support of this argument.